CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEAN HUBBARD, | ) | |
|     Plaintiff, | ) | **Civil Action No. 7:06CV00128** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BARRY L. KANODE, WARDEN, et al., | ) | By Hon. Glen E. Conrad |
|     Defendants. | ) | United States District Judge |

The plaintiff, Christopher Dean Hubbard, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[*]

## Background

The plaintiff is presently incarcerated at Buckingham Correctional Center. He was previously incarcerated at Patrick Henry Correctional Unit #28. The plaintiff alleges that while housed at Patrick Henry, he was exposed to the smell of human waste for 26 days. The plaintiff further alleges that the smell caused nose bleeds and nose sores. The plaintiff indicates that he utilized the prison's grievance procedure to complain about the smell. The plaintiff was advised that the issue was "being looked into by the administration."

## Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient

---

[*] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

Dockets.Justia.com

conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Additionally, an inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. The court does not doubt that the plaintiff's exposure to the smell of human waste was uncomfortable. However, even assuming that the plaintiff experienced nose bleeds and sores as a result of the smell, as he alleges, such impairments do not rise to the level of a serious or significant physical injury. See Johnson v. Kilgore, 2006 U.S. Dist. LEXIS 988 (W.D. Va. 2006) (finding nose bleeds to be de minimis for purposes of the plaintiff's living conditions claim). Additionally, the plaintiff has failed to allege that the warden or other prison officials acted with deliberate indifference to his complaints. The plaintiff was advised that the administration was investigating the matter. Moreover, the plaintiff indicates that he was subsequently transferred to a different institution.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER:** This 20th day of March, 2006.

_____
United States District Judge

2